## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Michelle Laux
St. Joseph Co. Public Defender's Office
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

A.B.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 16, 2018

Court of Appeals Case No.
71A03-1711-JV-2677

Appeal from the St. Joseph Probate
Court

The Honorable James N. Fox,
Judge

Trial Court Cause No.
71J01-1608-JD-244

**Robb, Judge.**

# Case Summary and Issue

[1] A.B. appeals from the juvenile court's order modifying its dispositional decree following his adjudication as a delinquent for attempted theft and battery. A.B. presents two issues for our review, which we consolidate and restate as whether the juvenile court abused its discretion in detaining A.B. in a juvenile detention center on multiple occasions resulting in a total of more than ninety days confined. Concluding the juvenile court did not abuse its discretion, we affirm the juvenile court's modification of its dispositional decree.

# Facts and Procedural History

[2] On August 4, 2016, fifteen-year-old A.B. committed acts that would constitute attempted robbery, a Level 5 felony if committed by an adult. A.B. was arrested and detained at the Juvenile Justice Center in South Bend, Indiana. On August 10, 2016, in lieu of attempted robbery, the State filed a petition alleging A.B. to be a delinquent child for committing attempted theft, a Class A misdemeanor if committed by an adult, and battery, a Class B misdemeanor if committed by an adult.

[3] On August 19, 2016, A.B. entered into an admission agreement pursuant to which he agreed to admit to the allegations of attempted theft and battery in exchange for the State's agreement not to file an allegation of attempted robbery. The juvenile court entered true findings and placed A.B. on home detention for an indefinite term. Pursuant to the juvenile court's disposition,

A.B. was to attend school with no unexcused absences, tardies, suspensions, obey all rules and regulations of school, home detention, and his parents, refrain from using alcohol or any illegal substances, and submit to random drug screens.

[4] From August 26, 2016 to September 29, 2017, A.B. was detained on eleven separate occasions and spent a total of at least ninety days in detention.[1] A.B. was detained for failing to abide by the rules and regulations of his home detention, failing to attend school, leaving school without permission, leaving home without permission, failing to charge his GPS monitoring device, fighting with and choking his brother, failing to follow the rules of his parent or guardian,[2] taking a realistic air pistol to school, failing to abide by day reporting to probation, and testing positive for marijuana on multiple occasions.

[5] The juvenile court issued its final order authorizing A.B.'s detention on September 29, 2017. On October 3, 2017, the St. Joseph County Probation Department recommended modifying A.B.'s placement to the Rite of Passage DePaul Academy, a private child care facility in South Bend. The juvenile court accepted the probation department's recommendation and placed A.B. at the DePaul Academy. A.B. now appeals.

---

[1] A.B. estimates a conservative number of the days he spent in detention is 115 days. Nonetheless, the State agrees it was at least ninety days.

[2] At one point, A.B.'s mother brought him to the Juvenile Justice Center and requested that he be detained, stating "it is the best thing for him at this time." Appellant's Appendix at 111.

# Discussion and Decision

[6] A.B. alleges the juvenile court abused its discretion in detaining him in a juvenile detention center on multiple occasions and for a total of greater than ninety days. A juvenile court's specific disposition of a delinquent child "is a matter within the sound discretion of the juvenile court and will only be reversed if there has been an abuse of that discretion." *J.S. v. State*, 881 N.E.2d 26, 28 (Ind. Ct. App. 2008) (citation omitted).

> The juvenile court's discretion is subject to the statutory considerations of the welfare of the child, the safety of the community, and the policy of favoring the least harsh disposition. An abuse of discretion occurs when the juvenile court's action is clearly erroneous and against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual inferences that can be drawn therefrom. Hence, the juvenile court is accorded wide latitude and great flexibility in its dealings with juveniles.

*Id.* (internal citations omitted).

[7] Indiana Code section 31-37-18-6 sets forth the following factors that a juvenile court must consider when entering a dispositional decree:

> If consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that:
>
> (1) is:
>
>> (A) in the least restrictive (most family like) and most appropriate setting available; and

(B) close to the parents' home, consistent with the best interest and special needs of the child;

(2) least interferes with family autonomy;

(3) is least disruptive of family life;

(4) imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian; and

(5) provides a reasonable opportunity for participation by the child's parent, guardian, or custodian.

The juvenile court may, in a dispositional decree, order supervision of the child by the probation department. Ind. Code § 31-37-19-5(b)(1). In addition to probation, the juvenile court may take any of the following actions:

(A) Award wardship to:

(i) the department of correction for housing in a correctional facility for children; or

(ii) a community based correctional facility for children.

Wardship under this subdivision does not include the right to consent to the child's adoption.

(B) If the child is less than seventeen (17) years of age, order confinement in a juvenile detention facility for not more than the lesser of:

(i) ninety (90) days; or

(ii) the maximum term of imprisonment that could have been imposed on the child if the child had been convicted as an adult offender for the act that the child committed under IC 31-37-1 (or IC 31-6-4-1(b)(1) before its repeal).

* * *

(F) Place the child in a secure private facility for children licensed under the laws of a state. Placement under this subdivision includes authorization to control and discipline the child.

Ind. Code § 31-37-19-6(b)(2).

[9] As noted, within a little over a year after his delinquency adjudication, A.B. was detained eleven times for various offenses and violations. Due to his detentions, A.B. spent over ninety days total in the juvenile detention center. A.B. alleges the juvenile court abused its discretion in this regard because Indiana Code section 31-37-19-6(b)(2)(B)(i) prohibits his confinement for more than ninety days. Therefore, he argues he should be discharged from his placement at the DePaul Academy. We disagree.

[10] The juvenile court did not order A.B. detained in the juvenile detention center pursuant to a set detention; rather, it ordered A.B. placed on home detention for his offenses of attempted theft and battery. A.B. would not have been detained at all had he not *repeatedly* violated the terms and conditions of his home detention. A.B.'s own behavior led to his detention for greater than ninety days and he created the length of his detention with his repeated violations. Moreover, the juvenile court would have been well within its discretion to order A.B. committed to the Department of Correction ("DOC") for an indeterminate period of time. Ind. Code § 31-37-19-6(b)(2)(A)(1); s*ee also D.C. v. State*, 958 N.E.2d 757, 759 (Ind. 2011) (noting that when a juvenile court awards wardship of a delinquent child to the DOC, the DOC determines the juvenile's placement and duration of placement). A.B. is fortunate, given his

repeated violations, the juvenile court did not exercise its discretion by committing him to the DOC. The juvenile court did not abuse its discretion in detaining A.B. for his repeated violations of home detention.[3]

[11] A.B. also contends the juvenile court abused its discretion in recommitting him to the juvenile detention facility every time he committed what he characterizes as "minor infractions." *See* Brief of Appellant at 23-25. As noted, among other numerous offenses, A.B. was detained for testing positive for marijuana on multiple occasions, fighting and choking his brother, and bringing a realistic air pistol to school. Characterizing such actions from a fifteen-year-old child already under the supervision of the State for attempted theft and battery as "minor infractions" is disingenuous and ignores the facts of the case. Further, A.B. offers no suggestions of what the juvenile court should have done in response to A.B.'s repeated violations. The juvenile court originally placed A.B. in home detention, which was minimally restrictive and permitted A.B. to live at home and attend school. *See* Ind. Code § 31-37-18-6(1). Three weeks after being placed on home detention, A.B. committed his first violation and demonstrated to the juvenile court he was unable or unwilling to abide by the rules and regulations of home detention. Over the course of the ensuing months, A.B. committed ten more violations and the juvenile court gradually

---

[3] Even assuming the juvenile court improperly detained A.B. in a juvenile detention facility for more than ninety days, his current placement at DePaul Academy is not an abuse of discretion. Pursuant to Indiana Code section 31-37-19-6(b)(2), the juvenile court possessed the authority to place A.B. in a "a community based correctional facility for children" or "a secure private facility for children licensed under the laws of a state."

increased the duration of his detentions as his case progressed. Given the juvenile court's original leniency in A.B.'s placement and A.B.'s abuse thereof, we conclude the trial court did not abuse its discretion in detaining A.B. in the juvenile detention center for his multiple violations.

# Conclusion

[12] The juvenile court did not abuse its discretion in detaining A.B. in a juvenile detention center on multiple occasions and for greater than ninety days in total. Accordingly, we affirm the juvenile court's order modifying its dispositional decree.

[13] Affirmed.

Najam, J., and Altice, J., concur.